PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name **MONTALVO**     **JOHN**     **J.M.**
   (Last)       (First)      (Initial)

Prisoner Number **B-98603**

Institutional Address **CSP-SAC NEW FOLSOM, PO BOX 290066 REPRESA, CA 95671**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**JOHN MONTALVO**
(Enter the full name of plaintiff in this action.)

vs.

**MALFI, (ACTING WARDEN)**

(Enter the full name of respondent(s) or jailor in this action)

Case No. **C 08 0047 SBA (PR)**
(To be provided by the clerk of court)

PETITION FOR A WRIT OF HABEAS CORPUS

EVIDENTIARY HEARING REQUEST

Read Comments Carefully Before Filling In

When and Where to File

    You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

    If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS     - 1 -

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

   (a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

   **SUPERIOR COURT**          **SAN FRANCISCO**
   Court                          Location

   (b) Case number, if known **114965**

   (c) Date and terms of sentence **FEB, 1985 "ISL" (7-TO-LIFE)**

   (d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.)   Yes ✓   No ___

   Where?
   Name of Institution: **CSP-SAC, NEW FOLSOM, PO BOX 290066**
   Address: **REPRESA, CA 95671**

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

**P.C. SEC. 187, 1ST DEGREE, & 12022.5 ENHANCEMENT GUN ALLEGATION FINDING.**

PET. FOR WRIT OF HAB. CORPUS          - 2 -

1  3. Did you have any of the following?

2     Arraignment:            Yes ✓   No ___

3     Preliminary Hearing:    Yes ✓   No ___

4     Motion to Suppress:     Yes ✓   No ___

5  4. How did you plead?

6     Guilty ___   Not Guilty ✓   Nolo Contendere ___

7     Any other plea (specify) _____

8  5. If you went to trial, what kind of trial did you have?

9     Jury ✓   Judge alone ___   Judge alone on a transcript ___

10 6. Did you testify at your trial?   Yes ✓   No ___

11 7. Did you have an attorney at the following proceedings:

12    (a)  Arraignment              Yes ✓   No ___

13    (b)  Preliminary hearing      Yes ✓   No ___

14    (c)  Time of plea             Yes ✓   No ___

15    (d)  Trial                    Yes ✓   No ___

16    (e)  Sentencing               Yes ✓   No ___

17    (f)  Appeal                   Yes ✓   No ___

18    (g)  Other post-conviction proceeding   Yes ___   No ___

19 8. Did you appeal your conviction?   Yes ✓   No ___

20    (a)  If you did, to what court(s) did you appeal?

21    Court of Appeal              Yes ✓   No ___

22    Year: **1985**   Result: **DENIED**

23    Supreme Court of California   Yes ✓   No ___

24    Year: **APPROX. 1988**   Result: **PETIT. FOR REVIEW DENIED**

25    Any other court              Yes ✓   No ___

26    Year: **?**   Result: **DENIED (DIST. CT.)**

28    (b)  If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS        - 3 -

|   |   |   |
|---|---|---|
| | petition? | Yes ___ No ✓ |
| (c) | Was there an opinion? | Yes ✓ No ___ |
| (d) | Did you seek permission to file a late appeal under Rule 31(a)? | |
| | | Yes ✓ No ___ |

If you did, give the name of the court and the result:

NINTH CIRCUIT DENIED REQUEST FOR PERMISSION (I BELIEVE TO BE RULE 31(A))

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?    Yes ✓ No ___

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

(a) If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I. Name of Court: CALIF. SUPERIOR COURT CO. OF SAN FRANC.
Type of Proceeding: WRIT OF HABEAS, EXHAUSTION REMEDIES
Grounds raised (Be brief but specific):

a. CONSTIT. RIGHTS VIOLATION CONCERNING SENTENCE, "ISU", FIXING OF TERM.
b. _____
c. BOARD AND LAW PROCEDURES, ETC.
d. _____

Result: DENIED (SEE ATTACHED) Date of Result: 4-07-06

II. Name of Court: 1ST APPELL. CT. OF APPEAL DIV. FOUR
Type of Proceeding: (SEE ABOVE, AND STATE EXH. REQUIR'M)
Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS        - 4 -

| | | |
|---|---|---|
| 1 | | a. LAW/PROCEDURE SENTENCING CONST. |
| 2 | | b. RIGHTS AND VIOLATION. |
| 3 | | c. _____ |
| 4 | | d. _____ |
| 5 | | Result: DENIED (NO. A113573 (ATTCH) Date of Result: 6-08-06 |
| 6 | III. | Name of Court: (UNKNOWN EXACTLY, AT THIS TIME). |
| 7 | | Type of Proceeding: (UNKNOWN EXACTLY, AT THIS TIME) |
| 8 | | Grounds raised (Be brief but specific): |
| 9 | | a. UNKNOWN EXACTLY AT THIS TIME, IF ANY?) |
| 10 | | b. _____ |
| 11 | | c. _____ |
| 12 | | d. _____ |
| 13 | | Result: (UNKNOWN? AT THIS TIME) Date of Result: ? |
| 14 | IV. | Name of Court: (UNKNOWN? IF ANY AT THIS TIME) |
| 15 | | Type of Proceeding: " " |
| 16 | | Grounds raised (Be brief but specific): |
| 17 | | a. " " |
| 18 | | b. _____ |
| 19 | | c. _____ |
| 20 | | d. _____ |
| 21 | | Result: _____ Date of Result: _____ |
| 22 | (b) | Is any petition, appeal or other post-conviction proceeding now pending in any court? |
| 23 | | Yes ____ No ✓ |
| 24 | | Name and location of court: _____ |

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS    - 5 -

1  need more space. Answer the same questions for each claim.
2      [Note: You must present ALL your claims in your first federal habeas petition. Subsequent
3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); <u>McCleskey v. Zant</u>,
4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]
5  Claim One: PETITIONER WAS DENIED DUE PROCESS OF LAW WHEN
6  THE BOARD OF PAROLE DECISION PANEL REFUSED TO CHANGE PETIT-
   IONERS INDETERMINATE TERM TO A DETERMINATE TERM PURSUANT
   IN RE RODRIQUEZ 14, CAL. 3d 639
7  Supporting Facts:
   PETITIONER HAS BEEN INCARCERATED IN CALIF., MAXIM-
8  UM STATE PRISON FOR APPROXIMATELY THE PAST TWENTY
9  TWO YEARS AS AN "ISL" PRESCRIBED BY LAW SENTENCED
   PRISONER WITHOUT BOARD OF PAROLE PANEL EVER "DISCH-
   ARGING" SETTING AND/OR FIXING ANY TYPE OF PAROLE OR
10 DATE FOR PETITIONER (CONTINUED ON ATTACHED PG.)
11 Claim Two: CLAIM TWO IS BASICALLY TWO-FOLD, A); AND B);
12 FORMAT, ATTACHED SEPERATE SHEET CONTINUED.
13 Supporting Facts: SUPPORTING FACT'S, CLAIM TWO, ALSO
14 ATTACHED AND CONTINUED, ON ADDITIONAL
15 PAGES.
16
17 Claim Three:
18
19 Supporting Facts:
20
21
22
23     If any of these grounds was not previously presented to any other court, state briefly which
24 grounds were not presented and why:
25
26
27
28

PET. FOR WRIT OF HAB. CORPUS      - 6 -

SUPPORTING FACTS, CLAIM ONE PAGE 6, CONT'D.

AND/OR CHANGING HIS INDETERMINATE TO A DETERMINATE ONE.

### BACKGROUND HISTORY

PETITIONER WAS TRIED AND CONVICTED OF FIRST DEGREE MURDER AND ALSO GUN USE ALLEGATION BY JURY IN SAN FRANCISCO COUNTY.

SENTENCE WAS CARRIED OUT FEB., 1985 AS PRESCRIBED BY LAW FOR OFFENSE WHICH OCCURRED IN 1976.

PETITIONER IS AN "ISL" SENTENCED PRISONER (INDETERMINATE SENTENCED LAW), HIS DATE OF BIRTH IS 4-02-60, AND HE HAD PREVIOUSLY FILED DIRECT APPEAL AND WRIT OF HABEAS TO CONVICTION IN WHICH HE PLEAD NOT GUILTY. ALL OF WHICH WERE DENIED, INASFAR AS CALIF., SUPREME COURT AND UP TO DIST. CT. NORTHERN DIST. ISSUES RAISED WERE DIFFERENT THAN INSTANT CLAIMS.

AS LISTED PREVIOUSLY ON INFORMATION PORTION OF THIS FORM AND, TO THE BEST OF MY KNOWLEDGE AND ABILITY AS A LAYMAN AT BEST; I HAVE ANSWERED APPLICABLE QUESTIONS, AND RAISED INSTANT CLAIMS SEEKING RELIEF AT SUPERIOR COURT, APPELLATE COURT AS WELL CALIFORNIA SUPREME COURT; ALL OF WHICH WERE DENIED (INCLOSED AND ATTACHED PLEASE FIND A COPY OF EACH COURT DENIAL AS DOCUMENT EXHIBIT).

PETITIONER BELIEVES IT TOO BE TRUE THAT HE HAS COGNIZABLE CLAIMS THAT ENTITLE HIM TO RELIEF. AND HE BELIEVES IT TOO BE TRUE THAT AFTER APPROXIMATELY TWENTY TWO YEARS OF INCARCERATION TOWARDS SENTENCE (ACTUAL FULL AMOUNT OF IMPRISONMENT OF PETITIONER TO BE AT AROUND 25 YEARS), HE HAS RAISED CLAIMS TO THE BEST OF HIS ABILITY AND IN A GENUINE EFFORT TO EXHAUST HIS CLAIMS TO LOWER STATE COURTS AND CALIF, SUPREME (ALL REASONABLE EFFORTS TO NO AVAIL), AND THE INSTANT COURT IS THE ONLY AVAILABLE RELIEF FOR PETITIONER TO ISSUES/CLAIMS THAT EVEN WITH THE MOST DILIGENT OF EFFORTS, COULD NOT HAVE BEEN POSSIBLY FORESEEN. IT IS PETITIONERS BELIEF THE INSTANT COURT IS WITHIN ITS AUTHORITY AND DISCRETION TO GRANT RELIEF SOUGHT. NOW COMES PETITIONER ON WRIT OF HABEAS CORPUS SEEKING AND PRAYING FOR RELIEF ON CLAIMS TO INSTANT COURT. CLAIMS AGAINST HIS SENTENCE WHICH ARE CONSTITUTIONALLY UNFAIR BY PETITIONER'S KNOWLEDG AND BELIEF.

CLAIM TWO (FROM PREVIOUS PAGE CONTINUED):

PETITIONER CLAIMS AND ALLEGES THAT THE APPROXIMATE TWENTY-TWO YEARS PETITIONER HAS BEEN INCARCERATED IN MAXIMUM SECURITY PRISON IS CONSTITUTIONALLY DISPROPORTIONATE TO HIS MINIMUM ELIGIBILITY FOR PAROLE (AND "OLD-LAW" SENTENCE), AND/OR PAROLE DATE.

B): PETITIONER FURTHER CLAIMS THAT HIS CONSTITUTIONAL AND STATUTORY RIGHTS VIOLATIVE TOWARDS HIS "ISL" LENGHTLY IMPRISONMENT AND SENTENCE AS WELL AS SUPERIOR CT. DENIAL ORDER ON WRIT OF HABEAS (SEE ATTACHED COPY EXHIBIT. DEPT. NO. 22 WRIT NO. 5298), WHICH PETITIONER ALLEGES THE COURT, PAROLE BOARD AND THE SENTENCE HAS NO JURISDICTION AND/OR AUTHORITY TO IMPRISON HIM AND SHOULD THEREBY BE DISCHARGED FROM CUSTODY.

SUPPORTING FACTS: CLAIM TWO)

THE PRISON PAROLE BOARD OF CALIFORNIA HAS NOT PAROLED, SET A PAROLE DATE OR EVEN "FIXED A TERM" FOR PETITIONER FROM HIS SUPERIOR CT. SENTENCE ACCORDING TO PRESCRIBED LAW OF "ISL" (APPLICABLE LAW IN 1976?), AFTER HIS APPROXIMATE TWENT-TWO YEARS OF MAXIMUM SECURITY IMPRISONMENT.

IT IS PETITIONERS BELIEF AND CONTENTION THAT AS A "LIFE" PRISONER WHO HAS BEEN DENIED PAROLE DATES, AND THE PARTICULAR CIRCUMSTANCES OF HIS CRIME(S), THAT HIS CONFINEMENT HAS BECOME CONSTITUTIONALLY EXCESSIVE AS A RESULT, MAY BRING HIS CLAIMS DIRECTLY TO COURT BY PETITIONER FOR HABEAS CORPUS, WHEREFORE PETITIONER NOW SEEKS RELIEF, TO INSTANT CT.

B) ORIGINAL SENTENCING COURT OF SUPERIOR COURT RULED IN IT'S DENIAL ORDER ON PETITIONERS WRIT OF HABEAS (NO. 5298) THAT PETITIONER ISN'T ENTITLED BY THE BPT (PAROLE BOARD), (CONTINUED, NEXT PAGE..)

PG. 2

CLAIM TWO, SUPPORTING FACTS CONTINUED, PREVIOUS PG.
P.C. SEC. 1168 OR 1170, TO A PAROLE DATE OR FIXING OF TERM (SEE ATTACHED COPY ORDER DENIAL NO. 5298, ALSO AN ATTACHED COPY CALIF., SUPREME CT. ORDER DENIAL OF INSTANT WRIT OF HABEAS, EN BANC NO. S147377), IN WHICH PETITIONER ALLEGES, WOULD THIS NOT BE CONSTITUTIONALLY WRONG AS WELL AS CRUEL AND UNUSUAL? AND THEREFORE THERE IS NO JURISDICTION AND/OR AUTHORITY TOO FURTHER IMPRISON HIM AND MUST DISCHARGE PETITIONER FROM CUSTODY AND PAROLE.

IS IT NOT ALSO, AND FURTHER, VIOLATIVE TOWARD PETITIONER UNDER THE EX POST FACTO CLAUSES OF THE FEDERAL CONSTITUTION (U.S. CONST. ART 1 SEC. 10 CH 1), AND THE CALIF., CONST. (CAL CONST. ART 1 SEC. 9). TO WHICH P.C. SEC. 1190.2(c) IS SUPPOSED TOO BE PROTECTIVE AGAINST.?

IS THERE NOT A FUNDAMENTAL LIBERTY INTEREST THAT IS AFFECTED BY PETITIONERS LENGTH OF TIME IN CUSTODY??
NOTE: IN ADDITION TO P.C. SEC. 187, FIRST DEGREE, PETITIONER WAS ALSO SENTENCED ON GUN ALLEGATION 12022.5. (CONSECUTIVE 2 YEARS).

ADDITIONAL NOTE: INCLOSED AND ATTACHED IS COPY OF DIV. FOUR COURT OF APPEAL (1ST APP. DIST.?) WRIT OF HABEAS DENIAL ORDER (NO. A113973, 5-31-06). THERE WAS ACCOMPANIED MOTION IN SUPPORT OF WRIT/AFFIDAVIT TO THE APPELLATE DIST. NOT INCLOSED/ATTACHED HOWEVER.

PETITION AGAIN ALLEGES HE HAS A CONSTITUTIONALLY PROTECTED LIBERTY INTEREST IN GRANTING A TERM-TO-LIFE PAROLE.

THAT FURTHER, HE SUFFERS DISPROPORTIONALITY IN IMPRISONMENT TIME UNDER OLD LAW "ISL" SENTENCE (P.C. SEC. 1168), AND "NEW LAW" ALTERS STANDARD OF PUNISHMENT TO PETITIONERS' DISADVANTAGE AND PREJUDICE (IN VIOLATION OF EX POST FACTO PRINCIPALS?), COMPAIRED WITH GUIDELINES (AND PROPORTIONALITY), WHICH WERE IN EFFECT AT TIME (OF COMMITMENT OFFENSE), OF LIKEWISE CRIMES, PETITIONER QUESTIONS THE FAIRNESS?

PG. 3

1  List, by name and citation only, any cases that you think are close factually to yours so that they
2  are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning
3  of these cases:
4  IN RE RODRIGUEZ 14, CAL.3d 639, 122 CAL. RPTR 552
5  IN RE, DANNENBERG CAL.APP.4TH 2007 WL 3408290 ?
6  _____

7  Do you have an attorney for this petition?        Yes____   No ✓
8  If you do, give the name and address of your attorney:
9  _____

10  WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in
11  this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

13  Executed on  12-25-07                     /s/ John Montalvo
14          Date                               Signature of Petitioner

20  (Rev. 6/02)

PET. FOR WRIT OF HAB. CORPUS        - 7 -

EXHIBIT (A)
SUPERIOR CT.
DENIAL ORDER NO. 5296

ENDORSED
San Francisco County Superior Court

APR 7 2006

GORDON PARK-LI, Clerk
BY: _____ MARIA GONZALEZ
                              Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE CITY AND COUNTY OF SAN FRANCISCO

Department No. 22

IN THE MATTER OF THE APPLICATION )
OF                               )
                                 )   WRIT NO. 5298
                                 )
JOHN MONTALVO                    )   ORDER
                                 )
Petitioner,                      )
                                 )
FOR A WRIT OF HABEAS CORPUS      )
                                 )
_____)

A writ of habeas corpus has been received.

Petitioner is currently incarcerated in the State Prison in Represa, California.

Petitioner was convicted in 1984 of first-degree murder[1] with an enhancement for personal use of a firearm[2]. Petitioner states that he was sentenced under the Determinate Sentencing Law ("DSL"), but that the Board of Parole Hearings ("Board") failed to fix his term of imprisonment. Petitioner complains that this failure

---

[1] Cal. Pen Code § 187.
[2] Cal. Pen Code § 12022.5.

1

violated his rights under the Penal Code and the federal and state constitutions.

### The Petition is Untimely.

Petitioner has failed to explain the twenty-two-year delay in seeking habeas relief.

A petition for writ of habeas corpus should be filed as promptly as the circumstances allow. (In re Clark (1993) 5 Cal.4th 750, 765.) Where there has been a significant delay in seeking habeas relief, a petitioner must point to particular circumstances sufficient to explain and justify the delay. (Clark, supra, 5 Cal.4th at 765.)

### Petitioner is not Entitled to a Fixed Term Under PC § 1168(b).

Petitioner's challenge to the Board's failure to fix the term of his indeterminate sentence is without merit.

For 60 years prior to 1977, California had an indeterminate sentencing law ("ISL"). (See In re Monigold (1983) 139 Cal.App.3d 485, 489.) "Under the ISL, the court did not specify a definite term of imprisonment; rather the court merely imposed the term provided by law." (Monigold, supra, 139 Cal.App.3d at 489.) It was for the governing authority of the prison to determine the prisoner's release date based upon his conduct in prison. (Id.) The DSL replaced indeterminate sentencing in 1977; however, certain crimes remained punishable by indeterminate sentences. (Id.) "These were basically the life-sentence crimes, such as first degree murder (former § 190.5), kidnapping for robbery or ransom (§ 209),

and trainwrecking (§ 218)." (<u>Id.</u>)

The punishment for indeterminate crimes cannot be determined as set forth in the determinate sentencing scheme in section 1170 et seq. (<u>Id.</u>) Because first-degree murder remains punishable by an indeterminate term under section 1168, Petitioner is not entitled to have his indeterminate term fixed by the Board. (<u>Id.</u>) Thus, Petitioner's constitutional and statutory rights have not been violated.

For the foregoing reasons, Petitioner's writ of habeas corpus is DENIED.

Date 4/7/02

Judge of the Superior Court

JAMES J. McBRIDE

3

*EXHIBIT (B)*
*APPELLATE CT.*
*DENIAL ORDER*
*NO. A113973*

COPY

STATE OF CALIFORNIA -

DISTRICT

JR

FILED
Court of Appeal First Appellate District
JUN - 8 2006
Diana Herbert, Clerk
By_____ Deputy Clerk

In re JOHN MONTALVO,

on Habeas Corpus.

A113973

(San Francisco County Super. Ct. No. 5298)

BY THE COURT:

The request for appointment of counsel is denied.

The petition for writ of habeas corpus is denied.

(Reardon, Acting P.J., Sepulveda, J., and Rivera, J., joined in the decision.)

Date: JUN - 8 2006          REARDON, ACTING P.J. P.J.

CALIF. SUP. CT.
ORDER NO.
S147377

S147377

**)URT OF CALIFORNIA**

En Banc

In re JOHN MONTALVO on Habeas Corpus

The petition for writ of habeas corpus is denied.

George, C. J., was absent and did not participate.

SUPREME COURT
**FILED**

APR 1 8 2007

Frederick K. Ohlrich Clerk

_____
Deputy

**MORENO**
Acting Chief Justice